The slip opinion is the first version of an opinion released by the Chief Clerk of the Supreme Court. Once an opinion is selected for publication by the Court, it is assigned a vendor-neutral citation by the Chief Clerk for compliance with Rule 23-112 NMRA, authenticated and formally published. The slip opinion may contain deviations from the formal authenticated opinion.

**IN THE SUPREME COURT OF THE STATE OF NEW MEXICO**

**Filing Date: July 6, 2023**

**No. S-1-SC-39381**

**STATE OF NEW MEXICO ex rel.**
**HECTOR H. BALDERAS, Attorney General,**

      Plaintiff-Respondent,

v.

**GILEAD SCIENCES, INC.; and**
**GILEAD SCIENCES, LLC, f/k/a**
**BRISTOL-MEYERS SQUIBB &**
**GILEAD SCIENCES, LLC,**

      Defendants-Petitioners,

and

**BRISTOL-MYERS SQUIBB and**
**TEVA PHARMACEUTICALS USA, INC.,**

      Defendants.

**ORIGINAL PROCEEDING ON CERTIORARI**
**Maria Sanchez-Gagne, District Judge**

Hector H. Balderas, Attorney General
Brian L. Moore, Assistant Attorney General
P. Cholla Khoury, Assistant Attorney General
Santa Fe, NM

Robles, Rael & Anaya, P.C.
Marcus J. Rael, Jr.
Albuquerque, NM

for Respondent

Modrall, Sperling, Roehl, Harris & Sisk, P.A.,
Michelle A. Hernandez
Elizabeth A. Martinez
Albuquerque, NM

Kirkland & Ellis LLP
Jay Lefkowitz
Devora W. Allon
New York, NY;

James F. Hurst
Nick Wasdin
Michael LeFevour
Chicago, IL

Rodey, Dickason, Sloan, Akin & Robb, P.A.
Andrew G. Schultz
Albuquerque, NM

for Petitioners

Sidley Austin LLP
William R. Levi
Jose M. Valle
Washington, DC

for Amici Curiae Chamber of Commerce of the United States of America
and The American Tort Reform

YLAW, P.C.
Matthew L. Connelly
Albuquerque, NM

for Amicus Curiae Association for Accessible Medicines

**DISPOSITIONAL ORDER OF REMAND**

**PER CURIAM.**

{1}     WHEREAS, this matter came before the Court pursuant to Rule 12-502 NMRA (governing "petitions for the issuance of writs of certiorari seeking review of decisions of the Court of Appeals") upon Defendants Gilead Sciences Inc., Gilead Sciences, LLC, and Teva Pharmaceuticals USA, Inc.'s appeal from the Court of Appeals order in A-1-CA-40177 (Apr. 8, 2022) denying Defendants' applications for interlocutory review of the district court's denial of their motions to dismiss for lack of personal jurisdiction that were filed pursuant to both Rule 12-203 NMRA and the district court's certification order under NMSA 1978, Section 39-3-4 (1999);

{2}     WHEREAS, the district court may not exercise specific personal jurisdiction over Defendants unless the court determines that there are sufficient minimum contacts between Defendants and the State of New Mexico and that the exercise of such jurisdiction would comport with traditional notions of fair play and substantial justice, *see* NMSA 1978, Section 38-1-16 (1971) (providing for long-arm jurisdiction over nonresident defendants); *Chavez v. Bridgestone Ams. Tire Operations, LLC*, 2022-NMSC-006, ¶ 23, 503 P.3d 332 (noting that the "primary focus" of a court's specific personal jurisdictional inquiry is "case-linked and

extends only to claims that arise out of or relate to the defendant's contacts with the forum" (internal quotation marks and citation omitted));

{3} WHEREAS, Defendants have contested the exercise of specific personal jurisdiction in this case and have come forward with affidavits in support of their position;

{4} WHEREAS, "[w]hen a party contests the existence of personal jurisdiction under Rule 1-012(B)(2) and accompanies its motion with affidavits or depositions, . . . the party resisting such motion may not stand on its pleadings and must come forward with affidavits or other proper evidence detailing specific facts demonstrating that the court has jurisdiction over the defendant, *Doe v. Roman Catholic Diocese of Boise, Inc.,* 1996-NMCA-057, ¶ 10, 121 N.M. 738, 918 P.2d 17;

{5} WHEREAS, the determination of whether there are sufficient minimum contacts between Defendants and the State of New Mexico to support the exercise of specific personal jurisdiction in this case may require additional factual development;

{6} WHEREAS, Court rules and New Mexico Statutes govern the procedural issues and the related questions before us in this case;

{7}  WHEREAS, this Court may exercise discretion under Rule 12-405(B) to dispose of a case by nonprecedential order;

{8}  WHEREAS, Chief Justice C. Shannon Bacon, Senior Justice Michael E. Vigil, Justice David K. Thomson, Justice Julie J. Vargas, and Justice Briana H. Zamora having considered the briefs and being otherwise fully informed on the issues and applicable law;

{9}  NOW, THEREFORE, IT IS ORDERED that this matter is remanded to the district court so that the parties may conduct limited discovery on the issue of whether the district court may exercise specific personal jurisdiction over Defendants in this matter;

{10}  IT IS FURTHER ORDERED that, upon completion of discovery, the district court shall enter an order stating its conclusion as to whether the court may exercise specific personal jurisdiction over Defendants in this matter, shall explain the standard applied by the court in reaching its decision by explaining how its decision conforms with the U.S. Supreme Court's discussion of specific jurisdiction in *Ford Motor Co. v. Montana Eighth Judicial District Court*, 141 S. Ct. 1017 (2021).

{11}  **IT IS SO ORDERED.**

_____
**C. SHANNON BACON, Chief Justice**

5

---

**MICHAEL E. VIGIL, Justice**

---

**DAVID K. THOMSON, Justice**

---

**JULIE J. VARGAS, Justice**

---

**BRIANA H. ZAMORA, Justice**